UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL E. WOODEND,<br><br>        Plaintiff,<br><br>    v.<br><br>LENAPE REGIONAL HIGH SCHOOL DISTRICT, EMILY CAPELLA, CAROL BIRNBOHM, and TIMOTHY GUSHUE,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-5724<br>        (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

LAW OFFICE OF GARY F. WOODEND
By: Gary F. Woodend
5-C N. Main Street
Medford, NJ 08055
        Counsel for Plaintiff

MADDEN & MADDEN, P.A.
By: Michael P. Madden
108 Kings Highway East
PO Box 210
Haddonfield, NJ 08033
        Counsel for Defendants

**IRENAS**, Senior District Judge:

    This constructive discharge suit appears before the Court on Defendants' motion for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) [Dkt. No. 12].[1] Plaintiff both opposes the motion and moves for leave to amend [Dkt. 19]. For the reasons set forth below, Defendants' motion is granted and Plaintiff's denied.

---

    [1] This Court has federal question jurisdiction, see 28 U.S.C. § 1332, and supplemental jurisdiction, 28 U.S.C. § 1367, over Plaintiff's claims. See Order Denying Remand [Dkt. No. 14].

**I.**

Plaintiff began work as a teacher and sports coach at the Shawnee High School in September of 2006. Compl. § 1, ¶ 1. On November 14, 2009, while driving in a caravan with the football team, Plaintiff dangerously passed the players' bus. Compl. § 1, ¶ 4. The following school day, Defendant Timothy Gushue, the head football coach and a friend of Plaintiff's for over 20 years, told Plaintiff that if he didn't resign as assistant coach Gushue would have the school administrators fire him. Compl. § 1, ¶ 6. Receiving no resignation, and after contacting the school's athletic director, Gushue "encouraged the parents to falsify or, at least, exaggerate the details" of the conduct "for the purpose of having Plaintiff fired from coaching." Compl. § 1, ¶ 9. Plaintiff does not allege that any falsified calls were actually made.

On November 23, 2009, Defendant Emily Capella, Superintendent of the Lenape Regional High School District, advised Plaintiff in a meeting that if he did not resign from coaching, an investigation into the incident would take place and if it were found that Plaintiff endangered the players, Plaintiff would lose his teaching position. Compl. § 1, ¶ 10. Plaintiff soon after resigned as coach, writing that he "set a poor example" and that his "resignation is in the best interest" of the School and the District. Def.'s Motion, Exh. B.

One year later, "to fulfill an obligation to the United States Army," Plaintiff resigned from teaching. Def.'s Motion, Exh. C.

2

His resignation was to take effect two weeks after its submission. *Id.* On November 29, 2010, two days before his last day, Plaintiff visited Gushue "to clear the air." Def.'s Mot., Exh. D. A heated exchange occurred. *Id.*

On December 1, 2010, a date Plaintiff chose to be his last at the school, Plaintiff was called to meet with Defendant Assistant Superintendent Carol Birnbohm, who informed him that it was reported that he threatened a fellow employee. Compl. § 5, ¶ 10-15. Plaintiff alleges that the complaint came from Defendant Gushue. *Id.* Plaintiff was then escorted from the school and told that he could not return to campus. *Id.* He later received a letter from Superintendent Capella stating that he was prohibited from returning and barred from interacting with District employees. Def.'s Mot., Exh. D.

Plaintiff filed a tort claims notice February 28, 2011 related to the December 1 resignation, and filed suit in Superior Court of New Jersey, Burlington County on August 22, 2011. *See* Compl. Defendants timely removed [Dkt. No. 1], and now file the instant motion.

## II.

Federal Rule of Civil Procedure Rule 12(c) permits a party to move for judgment on the pleadings "after the pleadings are closed – but early enough not to delay trial." *Pineda v. West Asset Mgmt.*, 2011 U.S. Dist. LEXIS 145973, at *2 (D.N.J. December 20,

3

2011). Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. *Bayer Chemicals Corp. v. Albermarle Corp.*, 171 Fed. App'x 392, 397 (3d Cir. 2006) (quoting *Jablonski v. Pan Am. World Airways*, Inc., 863 F.2d 289, 290 (3d Cir. 1988)). The standard of review for a motion for judgment on the pleadings is identical to that of a motion to dismiss under Rule 12(b)(6). *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

Accordingly, a complaint will survive a motion under Rule 12(c) only if it states "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). While the complaint need not demonstrate that a defendant is probably liable for the wrongdoing, allegations that give rise to the mere possibility of unlawful conduct will not do. *Iqbal*, 556 U.S. 662, 678. The Third Circuit, following *Twombly* and *Iqbal*, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement showing that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). This showing must be made by the facts alleged. *Id.* As in a Rule 12(b)(6) motion, the Court is limited in its review under Rule 12(c) to a few basic documents: the complaint, exhibits

attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### III.

According to Plaintiff's own submissions, this suit stems from the falling out of two family friends whose relationship spanned over twenty years. Pl.'s Br. 11-12. Because the falling out took place in an employment setting, Plaintiff seeks redress in this Court: he claims tortious interference and harassment against Gushue for the November 2009 resignation as assistant coach and constructive discharge and Section 1983 violations against the School District for the December 2010 resignation as a teacher. Pl.'s Opp. Br. 3-5, 11. Because Plaintiff fails to state a cognizable claim arising out of either resignation, judgement is granted in Defendants' favor.

### A. 2009 Resignation

Specifically, Plaintiff sues Gushue for intentional interference with employment and intentional infliction of emotional distress.[2] Compl. § 1-3; Pl.'s Opp. Br. 11.

---

[2] The Court interprets "giving false statements or encouraging to give false statements to the administration with the purpose to interfere with plaintiff's employment," Pl.'s Opp. Br. 11, as an example of, and thus an additional articulation of,

5

The Court considers the claim of intentional interference with employment as tortious interference with a contract, the former not being a recognized cause of action.[3]  The Court's broad interpretation does not save the claim.

The tort of interference with a contract contains four necessary elements: (1) a protected interest; (2) malice--that is, defendant's intentional interference without justification; (3) a reasonable likelihood that the interference caused the loss of the prospective gain; and (4) resulting damages.  *MacDougall v. Weichert*, 144 N.J. 380, 404 (1996).

Plaintiff's claim fails as a matter of law because the Complaint does not allege that Gushue's conduct caused Plaintiff to lose that which he would have gained had he continued coaching. While the Complaint, read in the most favorable light for Plaintiff, alleges that Defendant Gushue attempted to abuse his position within the school to bring about Plaintiff's firing out of personal animus, it also states, incontestably, that Plaintiff voluntarily resigned the position upon being threatened with an investigation into his own driving conduct.[4]  Compl. §1-3; Def.'s Motion, Exh. B.  Thus, the Complaint demonstrates that any loss of

---

the claim for intentional interference with employment.

[3] Plaintiff fails to cite any legal authority to support his claim.

[4] Plaintiff does not raise a constructive discharge claim stemming from the 2009 incident.  Pl.'s Opp. Br. 11.

the prospective gain Plaintiff was to derive from his coaching position was not caused by Gushue's conduct, but rather Plaintiff's own decision to protect against an investigation into his driving.

Plaintiff's intentional infliction of emotional distress claim fares no better.  In order for a claim to lie, a plaintiff must plead: (1) intentional conduct; (2) that was extreme and outrageous; (3) proximately causing; (4) emotional distress that was severe.  *DeAngelis v. Hill*, 180 N.J. 1, 20 (2004).

Plaintiff fails to sufficiently allege emotional distress.  *See* Compl. § 1-3.  New Jersey courts require that the alleged distress be "so severe that no reasonable [person] could be expected to endure it."  *Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 366 (1988).  Plaintiff's lone allegation that because of Gushue's conduct he "suffered from emotional distress," Compl. § 1, ¶ 16, contains no factual matter with which the Court can conclude that Plaintiff's allegation is plausible.  Furthermore, the Complaint is devoid of any additional references to Plaintiff's emotional state following the 2009 resignation.  Accordingly, his claim fails as a matter of law.

## B. 2010 Resignation

Plaintiff also brings claims against the District for conduct surrounding his December 1 resignation.  All such claims are dismissed.

1.  Hostile Work Environment and Constructive Discharge

7

Plaintiff's claims of hostile work environment and constructive discharge are unsupported by the factual allegations of the Complaint.[5]

"A hostile work environment is now established as a basis for harassment claims charging discrimination against a protected class."[6] *Lusher v. Franklin Area Sch. Dist.*, 2012 U.S. Dist. LEXIS 24509, at *7 (D.N.J. February 27, 2012) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)). Plaintiff not only fails to state that he belongs to a protected class, he affirmatively argues that Defendant Gushue's conduct was motivated by personal animus. Pl. Opp. Br. 12. Accordingly, this claim must be dismissed.

Because Plaintiff's hostile work environment claim fails, so too does his claim for constructive discharge.[7] *See Spencer v.*

---

[5] Plaintiff's claims of "harassment" do not set forth an additional cause of action, but rather constitute the articulation of one of the required elements for of a claim of hostile work environment. *See, e.g., Taylor v. Metzger*, 152 N.J. 490, 499 (1998) (describing harassment as an element of a hostile work environment claim).

[6] In order to establish a hostile work environment claim, a plaintiff must show that (1) he suffered intentional discrimination because of his membership in a protected class; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him; (4) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there is a basis for vicarious liability. *See Andreoli v. Gates*, 482 F.3d 641, 643 (3d Cir. 2007).

[7] "Constructive discharge occurs when an employer knowingly permit[s] conditions of discrimination in employment so intolerable that a reasonable person subject to them would

*Wal-Mart Stores, Inc.*, 469 F.3d 311, 317 & n.4 (3d Cir. 2006) ("To prove constructive discharge, the plaintiff must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile working environment.").

2. Section 1983 Claims

Plaintiff brings two sets of Section 1983 claims against Defendant School District: one stemming from its letter banning him from school property, and another arising out of its alleged failure to properly supervise and train Defendant Gushue. Each are handled in turn.

In light of the District's letter, Plaintiff alleges that the District violated his constitutional rights to due process, to assemble on public property, and to free speech. Pl. Opp. Br. 5. To plead a Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by (1) a person acting under the color of state law and (2) the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981).

Although Plaintiff cites constitutional guarantees, he has failed to plausibly allege the deprivation of a constitutional

---

resign." *Spencer*, 469 F.3d at 317. Because the Court finds that Plaintiff was not constructively discharged, but rather voluntarily resigned his position, his claim for "[f]ailing to pay Plaintiff severance," Compl. §5, ¶ 17(p), is also dismissed.

9

right.[8]  As to Plaintiff's due process claim, his failure to articulate any theory of liability renders this claim plainly insufficient.  As to his assembly and free speech claims, it is clear that school administrators are not "powerless...to protect the public from the kind of boisterous and threatening conduct that disturbs the tranquility" required for educational settings.  *Carey v. Brown*, 447 U.S. 455, 470-71 (1980); *see also Cunningham v. Lenape Reg'l High Dist. Bd. of Educ.*, 492 F. Supp. 2d 439, 448 (2007) (dismissing a plaintiff's First Amendment claims following his preclusion from school property).  Because Plaintiff's 1983 claims fail to identify the deprivation of a constitutional right, his claims are dismissed.

Similarly, Plaintiff's claims that the District failed to require Defendant Gushue to attend continuing education courses and failed to properly supervise the execution of his coaching responsibilities must also fail.  While failure to train and failure to supervise constitute grounds for Section 1983 liability, *see Kaminski v. Mydatt Servs.*, 2012 U.S. Dist. LEXIS 79696, at *6-9 (W.D. Pa. June 8, 2012), Plaintiff's Complaint fails to sufficiently plead factual matter to make such allegations plausible.  Because Plaintiff brings these charges only in relation to the December 1, 2010 resignation, Pl.'s Opp. Br. 11, the only

---

[8] Although Plaintiff reasserts his Section 1983 claims in his Opposition Brief, he fails to cite any legal authority for the proposition that his claims are cognizable.

10

relevant conduct underlying the accusations is Gushue's allegedly fallacious report of threatening conduct.[9] Plaintiff has failed to articulate, however, how this reporting deprived him of a constitutional right. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding that a municipality cannot be liable for the failure to supervise or train an employee when there is no underlying constitutional violation perpetrated by that employee). Accordingly, Plaintiff's claims are dismissed.

3. Miscellaneous

Plaintiff's claim for false imprisonment, arising out of his required presence in Assistant Superintendent Birnbohm's office and expulsion therefrom, fails because the Complaint does not plausibly allege that any restraint exerted was unjustified.

Two elements are required to bring an action for false imprisonment: (1) constraint of the person against his will (2) that is without legal justification. *Barletta v. Golden Nugget Hotel Casino*, 580 F. Supp. 614, 617 (D.N.J. 1984). School administrators may immediately remove individuals from school property "whose presence poses a continuing danger" or "an ongoing threat of disrupting the academic process." *Goss v. Lopez*, 419

---

[9] Plaintiff includes at the end of his Opposition Brief the following: "In the event the court deems that Defendant Gushue is entitled to a Notice of Tort Claims pursuant to N.J.S.A. 59:1-1 et. seq., Plaintiff respectfully requests a *nunc pro tunc* extension." Pl.'s Br. 21. To the extent this is an affirmative motion, it is denied.

11

U.S. 565, 582 (1975).

The Complaint fails to plausibly allege that the District acted unjustifiably when it ensured the departure of a resigning employee on his last day, two days following a heated exchange with a colleague.

Plaintiff's claim of intentional infliction of emotional distress against the District is also dismissed because the Complaint fails to allege both outrageous behavior and sufficiently severe emotional distress. *See supra*, III.A; *DeAngelis,* 180 N.J. at 20.

Plaintiff also charges Defendant Gushue with defamation, alleging that he lied to others in the community by stating that Plaintiff was fired from his teaching position. Compl. § 6, ¶ 2. "Under New Jersey law, defamation consists of: (1) a defamatory statement; (2) concerning the plaintiff; (3) which was false; (4) that was communicated to someone other than the plaintiff; (5) with fault at least amounting to negligence; and (6) damages." *Ciemniecki v. Parker McCay P.A.*, 2012 U.S. Dist. LEXIS 552, at *5 (D.N.J. January 4, 2012) (internal citations omitted). Plaintiff fails to allege in any form whatsoever that he has incurred damages arising out Gushue's alleged statement. Accordingly, his claim for defamation is dismissed.

Lastly, Plaintiff "demands judgment" against the School District for "[v]iolating [his] rights to a fair hearing under the collective bargaining agreement." Compl. § 5, ¶ 17 (B). Although

12

Plaintiff includes in his Opposition Brief that he was a tenured history teacher, Pl. Opp. Br. 3, and thus possessed a property interest in his position, see Board of Regents v. Roth, 408 U.S. 564 (1972), the Complaint clearly shows that Plaintiff voluntarily resigned his teaching position to enlist in the United States Army. Compl. § 3, ¶ 10. Because of this voluntary conduct, it is unclear what type of hearing Plaintiff was wrongfully deprived. Consequently, his naked and conclusory accusation fails to constitute a cognizable claim.[10]

---

[10] Plaintiff moves for leave to amend the Complaint on two grounds: to add "various forms of equitable relief," Pl. Opp. Br. 20, and, "[i]n the event the Court deems" the facts alleged insufficient, to supplement the Complaint with unspecified factual support, Pl. Opp. Br. 21. Although leave is often granted to cure a vulnerable complaint, a court can deny the motion if an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). As to Plaintiff's proposed amendments, granting leave would be futile, as the newly requested relief does not save any of the underlying claims. Furthermore, as to the request for leave to add unspecified factual support, the Court finds granting such an open-ended request would be inequitable by forcing Defendants to repeatedly defend against these specious claims. Accordingly, the motion is denied.

## IV.

In light of the foregoing, Defendants' motion for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is granted. Plaintiff's Complaint is dismissed. Plaintiff's motion for leave to amend is denied. An Order and Judgment will accompany this Opinion.

Dated: 6/25/12

_____
Joseph E. Irenas, S.U.S.D.J.